IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREW E. MOSS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   No. 1:25-cv-422 (PTG/WEF) |
| | ) |
| INSIGHTSOFTWARE, LLC, | ) |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Andrew E. Moss's Motion to Remand to the Circuit Court of Fairfax County, Virginia. Dkt. 3. On October 19, 2023, Plaintiff filed the underlying claim for wrongful termination against LeaseAccelerator Services, LLC ("LeaseAccelerator") in Fairfax County Circuit Court. Dkt. 1-1 (Compl.). Plaintiff is domiciled in Tennessee. Dkt. 4 at 1. LeaseAccelerator was a limited liability company incorporated in Delaware with operations in Virginia. Dkt. 1-1 ¶ 1; Dkt. 7-1. The matter proceeded through state court. Dkt. 1-3.

On February 1, 2025, due to a series of mergers, insightsoftware, LLC ("ISW"), became the successor in interest to LeaseAccelerator. Dkt. 7 at 2-3; Dkt. 7-2 (ISW Merger Documents). ISW is domiciled in Delaware with principal offices in North Carolina, and its sole member, GS Aquisitionco, Inc., is a Delaware corporation. Dkt. 7 at 2. On February 25, 2025, the state court dismissed LeaseAccelerator as defendant and joined ISW as a defendant to the suit, deeming LeaseAccelerator's "Answer and Affirmative Defenses to the Complaint . . . as the responsive pleadings" for ISW. Dkt. 7-3 at 2. On March 7, 2025, ISW removed the matter to this Court under 28 U.S.C. § 1441(b), contending the Court has original jurisdiction under diversity jurisdiction.

Dkt. 1 ¶¶ 7-8. Between February 25, 2025, and March 7, 2025, ISW did not take any actions in this matter before the state court. Dkt. 1-3.

Plaintiff now seeks to remand the matter for lack of jurisdiction. Dkt. 3. Plaintiff contends that full diversity existed at the timing of filing between Plaintiff and LeaseAccelerator, thus making removal untimely. Dkt. 4 at 2. Furthermore, Plaintiff notes that "well over a year has passed since Defendant received service," thus barring removal under § 1446(a)'s one-year limit. Dkt. 4 at 3. Per Plaintiff, "[r]emoval is inappropriate because Defendant has waived removal by participating in the state trial process for more than a year." *Id.* at 3. For example, Defendant has filed a demurrer, interlocutory appeal, discovery requests and responses, and set trial for 60 days following the removal date. Dkt. 4 at 4.[1] Finally, Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c). On the contrary, ISW argues that, first, the suit between Plaintiff and LeaseAccelerator was not removable because LeaseAccelerator "had its principal place of business in Virginia." Dkt. 7 at 7. Furthermore, ISW contends that it became a "new defendant to the case after its merger" and "had no prior opportunity to seek removal," thus resetting the thirty-day clock for removal and rendering removal here timely. *Id.* For the reasons set forth below, the Court grants the Motion to Remand.

## Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove an action from state court to federal court where the federal court has original jurisdiction. The notice of removal must be filed within 30 days of the defendant being served. 28 U.S.C. § 1446(b)(1). However, "[i]f at any time before

---

[1] The service and state court proceedings referenced here occurred while the defendant was LeaseAccelerator and before ISW was party to the suit. *See* Dkt. 1-3. Accordingly, the Court understands Plaintiff's references here to "Defendant's" service and participation in state court proceedings to refer to LeaseAccelerator and ISW interchangeably.

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days" after a defendant receives an amended pleading indicating that the case is now removable, unless the basis for removal is diversity jurisdiction and more than one year after the suit commenced. 28 U.S.C. § 1446(b)(3), (c)(1). The party seeking removal maintains the burden to establish federal subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "When evaluating a motion to remand, courts can consider facts outside the pleadings and are not limited by the allegations made in a complaint." *Zhang v. Cigna Healthcare, Inc.*, No. 1:22-cv-1221, 2023 WL 3727936, at *2 (E.D. Va. May 30, 2023).

### Discussion

This matter concerns whether ISW timely removed this case to federal court on the basis of diversity jurisdiction. For the reasons that follow, the Court finds that remand is warranted.

First, it is unclear from the pleadings whether this case was removable at the time LeaseAccelerator was a defendant. Plaintiff contends that complete diversity has existed since he filed the case against LeaseAccelerator. Dkt. 4 at 3. However, the pleadings do not provide sufficient information to gauge diversity here.

To satisfy diversity jurisdiction, a civil action must have an amount-in-controversy in excess of $75,000 and be "between . . . citizens of different States." 28 U.S.C. § 1332. Courts have construed § 1332 to require "complete diversity" between all plaintiffs and all defendants. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). For an individual, "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile[.]" *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998);

*Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). The citizenship of a corporation, on the other hand, exists in "any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* Under 28 U.S.C. § 1441(b)(2), an action "otherwise removable solely on the basis of [diversity jurisdiction] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" ("forum defendant prohibition").

The parties both erroneously suggest that LeaseAccelerator was a citizen of Delaware and Virginia given its state of incorporation and principal place of business. Dkt. 1 ¶ 11. However, "[i]t is well established that an LLC is not a corporation and is not considered a citizen of its state of incorporation and principal place of business." *Jennings v. HCR ManorCare Inc.,* 901 F. Supp. 2d 649, 653 (D.S.C. 2012). Instead, LeaseAccelerator's citizenship is determined by the citizenship of its members. The pleadings before this Court do not include sufficient information about LeaseAccelerator's members, and, therefore, the Court cannot determine whether complete diversity existed between LeaseAccelerator and Plaintiff. *See Meyn Am., LLC v. Omtron USA LLC,* 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012) ("[T]he absence of this information [about an LLC's membership] renders this allegation insufficient for determining whether there is complete diversity between the Plaintiff and Defendant.").

In any event, remand is proper. If LeaseAccelerator was completely diverse from Plaintiff and no member of LeaseAccelerator is domiciled in Virginia, the case would have been removable

4

at its inception in state court. Accordingly, joining ISW and dismissing LeaseAccelerator would not have made the case removable anew.

If the case had been unremovable prior to ISW's joinder—either because none of its members was domiciled in Virginia or because LeaseAccelerator lacked complete diversity with Plaintiff—the matter would still be unremovable here given the one-year limit on removal under diversity jurisdiction.

At the outset, it is undisputed that the Court maintains diversity jurisdiction over the case between Plaintiff and ISW. ISW's sole member is GS Acquisitionco, Inc., which is a Delaware corporation. Dkt. 1 ¶ 10. ISW is also not a forum defendant, given it has no citizenship in Virginia. *Id.* ("[N]one of ISW's members are domiciled in the state of Virginia."). Furthermore, ISW removed the matter within the 30 days of "receiving notice of the event that created diversity." *US Airways, Inc. v. PMA Cap. Ins. Co.*, 340 F. Supp. 2d 699, 703 (E.D. Va. 2004); 28 U.S.C. § 1446(b) (requiring notice of removal within thirty days of receiving "through service or otherwise, [ ] a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."). The matter would have become removable on February 25, 2025, when the state court dismissed LeaseAccelerator and joined ISW. Dkt. 1 ¶ 5. ISW's notice of removal was filed on March 7, 2025, well within the 30-day limit. *See* Dkt. 1.

Nevertheless, because ISW's removal occurred more than a year after the commencement of the action, removal is improper. Under 28 U.S.C. § 1446(c)(1), "even if the defendant satisfies the thirty-day requirement [under § 1446(b)(3)], the defendant may not remove the case 'more than 1 year after commencement of the action." *US Airways, Inc.*, 340 F. Supp. 2d at 703 (citing 28 U.S.C. § 1446(c)(1)).

"[I]t is well-settled that state law governs the determination of the 'commencement of the action'" for the purpose of the one year limit on removal.'" *Id.* at 704 (citation omitted). Under Virginia law, an action is "commenced by filing a complaint in the clerk's office[,]" upon which "the action is then instituted and pending *as to all parties* defendant thereto." Va. Sup. Ct. R. 3:2 (emphasis added). Here, the suit commenced on October 17, 2023. Dkt. 1 ¶ 1; Dkt. 1-1. The one-year limit, therefore, only permitted removal until October 17, 2024.

ISW contends that the clock for removal resets when later parties are joined, and that it is entitled to the 30-day period for removal under 28 U.S.C. § 1446(b)(1). Dkt. 7 at 6. Another jurist in this Court rejected that exact argument. *US Airways, Inc.*, 340 F. Supp. 2d at 706 (finding one-year limitation for a later-joined defendant started when the first defendant commenced the action, even though all the prior defendants were no longer parties to the action.); *see also Barbour v. Int'l Union*, 640 F.3d 599, 612 (4th Cir. 2011) (establishing that under § 1446, the thirty-day clock for removal begins with the first-served defendant, notwithstanding any later-served defendants). ISW also does not cite to any concrete case law in support of its argument, conceding that it is "unaware of any case specifically on point." Dkt. 7 at 6. Therefore, the Court finds the one-year limit applies here and bars removal.

Remand here would also accord with the principles that removal statutes must be construed narrowly given the federalism concerns at issue, and any doubts as to removal necessitates remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The congressional history of § 1446(b) makes clear that Congress intended to "establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court." *Id.* n. 8 (quoting H.R.Rep. No. 889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032)). Here, that principle stands, given the matter was 60 days

from trial at time of removal. Dkt. 4 at 4; *see also* Dkt. 1-3 (including the comprehensive procedural history of the state court matter, including demurrer, interlocutory appeal on demurrer judgment, answer, scheduling order, discovery documents). Accordingly, because ISW's removal was untimely, the Court finds remand is necessary.

Finally, Plaintiff seeks attorney's fees and costs incurred as a result of "improper removal" under 28 U.S.C. § 1447(c), which provides that a remand order "may require payments of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Dkt. 4 at 5. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139, 141 (2005). Plaintiff does not point to "unusual circumstances" warranting fees, and instead relies on the fact that Defendant is a "company with significant resources" that has "used significant procedural actions." Dkt. 4 at 4. The Court does not find those reasons to justify granting fees.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (Dkt. 3) is **GRANTED**; and it is further

**ORDERED** that the matter is **REMANDED** to the Circuit Court of Fairfax County, Virginia.

Entered this 6th day of February, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge